# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 5795 | DATE | NOVEMBER 15, 2004 |
| CASE TITLE | GREGORY THORNTON v. SIGNATURE FLIGHT SUPPORT CORPORATION, etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Plaintiff's motion for remand [4-1] is granted. The Clerk of the Court is directed to remand this case to the Circuit Court of Cook County, Illinois, Law Division Plaintiff is awarded his costs and reasonable attorney fees related to the removal and remand of this case.

(11) ■ [For further detail see Memorandum Opinion and Order attached to this original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 3 number of notices | Document Number |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | NOV 16 2004 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | 8 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | Nov. 15 2004 date mailed notice | |
| cw | courtroom deputy's initials | | mqm |
| | | Date/time received in central Clerk's Office | mailing initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GREGORY THORNTON,  )
            )
   Plaintiff,  )
            )
v.          )   No. 04 C 5795
            )
SIGNATURE FLIGHT SUPPORT  )
CORPORATION, a foreign  )
corporation,  )
            )
   Defendant.  )

## MEMORANDUM OPINION AND ORDER

On September 4, 2003, plaintiff Gregory Thornton filed this action in the Circuit Court of Cook County, Illinois and promptly served defendant Signature Flight Support Corporation. Almost one year later on September 3, 2004, Signature filed a notice of removal to the Northern District of Illinois. The removal was based on diversity of jurisdiction. Plaintiff has moved to remand the case, contending the notice of removal was untimely.

Plaintiff filed this action naming Signature and a John Doe as defendants. The next day, plaintiff served a summons on Signature. Plaintiff alleged that he was working for United Airlines, guiding a plane on the tarmac, when he was hit by a fuel truck driven by Doe. Doe was alleged to be an employee



of Signature. It was alleged that plaintiff suffered "severe and permanent injuries;" would continue to "suffer great pain and mental anguish and loss of a normal life;" that he had past and future medical expenses; was disabled from performing his usual occupation and would suffer past and future losses of income; and that he would suffer "disability and disfigurement." No dollar amount of damages was specified other than that damages exceeded $50,000, the jurisdictional requirement for the Law Division of the Circuit Court of Cook County, Illinois.

On September 5, 2003, plaintiff amended his complaint to substitute Ray Sims for the John Doe defendant. Plaintiff retained a process server who was unable to locate Sims. On June 4, 2004, plaintiff's motion to voluntarily dismiss Sims was granted with leave to reinstate.

Plaintiff asserts, and Signature does not represent otherwise, that Signature knew from early on in the case that plaintiff is a citizen of New York and that Sims likely still lived in Illinois.[1] Signature is a Florida corporation and its principal place of business is apparently in Florida as well.[2] In his March 2, 2004 interrogatory response, plaintiff provided

---

[1] In an interrogatory answer served March 2, 2004, plaintiff provided his address, but he asserts in a brief that Signature was aware of his address well before that date.

[2] Signature's notice of removal contains the inadequate jurisdictional allegation that it is a "citizen and corporation of the State of Florida."

additional details of his injuries, but did not specify a dollar amount for any loss or expense other than to provide bills for medical services. Plaintiff did list 13 medical providers who treated him and described his injuries as "including, but not limited to, pain, suffering, mental anguish, and loss of normal life. Plaintiff also suffered cuts on or about his head and legs; injury to his neck and torso; focal tearing of the meniscus; and posterial crucial ligament tear; ligament Grade I sprain or partial tear." Plaintiff also answered that he had an unspecified amount of wage loss from being on light duty for two years, had a financial loss from running out of sick days and vacation time, and suffered additional unspecified financial loss.

On August 5, 2004, Signature served requests for admission on plaintiff asking plaintiff to admit, among other things, that he was claiming damages in excess of $75,000. When plaintiff did not respond to the request to admit within 28 days, it was deemed admitted as of September 3, 2004. Signature filed its notice of removal that same day, which was just under a year after being served with the original complaint. A few days later, plaintiff located Sims and apparently filed a motion in state court requesting to amend the complaint to reinstate Sims as a defendant. That motion was without effect because the case

had already been removed to federal court. See 28 U.S.C. § 1446(d).

Signature contends it timely filed its notice of removal within 30 days of first ascertaining the case became removable, see 28 U.S.C. § 1446(b), because it did not know the over $75,000 jurisdictional amount was satisfied until the request to admit was deemed admitted on September 3, 2004. See N.D. Ill. Loc. R. 81.2(a).

At the time plaintiff first filed this action in state court, there was complete diversity of citizenship.[3] The complaint did not contain an express ad damnum stating that the amount in controversy exceeded $75,000, but claimed damages in excess of $75,000 was evident from the injuries alleged in the initial and first amended complaint. Once Sims was named as a defendant, however, removal would not have appeared possible because Sims is an Illinois resident and a case cannot be removed based on diversity jurisdiction if one or more of the defendants is a citizen of the state in which the case has been filed. See 28 U.S.C. § 1441(b). That exception, however, would not have applied for long because it only applies if the in-state defendant has been "properly joined and served." Id.; Great American Insurance Co. v. K & R Transportation, Inc., 2004 WL

---

[3]The citizenship of a fictitiously named defendant is not considered, see 28 U.S.C. § 1441(a), so, during the one day in which there was a Doe defendant, it was also apparent that there was complete diversity of citizenship.

1094540 *1 n.1 (N.D. Ill. May 17, 2004); <u>Maple Leaf Bakery v. Raychem Corp.</u>, 1999 WL 1101326 *3 (N.D. Ill. Nov. 29, 1999). Presumably, an out-of-state defendant could not jump in and remove the case on the first day it is served and ignore the presence of an in-state defendant who has not yet been served. In this case, though, it is unnecessary to decide precisely how long an in-state defendant must go unserved before his or her presence is no longer an impediment to removal and the 30 days begins to run. Here, Sims went unserved for nine months, was then voluntarily dismissed, and Signature still did not remove the case for another three months after that. It is clear that Signature did not remove the case until well more than 30 days after it could be ascertained that there was complete diversity of citizenship and no defendant was a resident of Illinois.

The question still remains as to when Signature could first ascertain that the amount in controversy requirement for diversity jurisdiction had been satisfied. Diversity jurisdiction requires both complete diversity of citizenship and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a). Because filings in Illinois circuit courts generally do not require a specific <u>ad damnum</u>, only a general allegation of above $50,000 to show the appropriate court division, this court has provided a procedure in Local Rule 81.2(a) by which a defendant may ascertain if the amount in controversy exceeds

$75,000. Under this rule, the defendant is deemed to have ascertained the amount in controversy when it receives a response to an interrogatory or request to admit, or a nonresponse that is deemed an admission, regarding the amount of damages being claimed. Judges in this district are split as to whether this rule applies in a case for which there no specific ad damnum, but the allegations of injury make it clear that the amount in controversy exceeds $75,000. Compare McCoy v. General Motors Corp., 226 F. Supp. 2d 939, 941-42 (N.D. Ill. 2002), with Zeedyk v. Federal Express Corp., 2004 WL 417202 (N.D. Ill. March 1, 2004). This is such a case. To the extent the rule is inapplicable in such a situation, it is clear that Signature's removal is untimely because satisfaction of the amount in controversy requirement was clear from when the case was first filed and made even more clear when plaintiff responded to interrogatories approximately six months before Signature filed its notice of removal. This bench, however, need not decide whether Local Rule 81.2(a) still applies in such situations. Even assuming it does, Signature's removal was untimely.

Although Local Rule 81.2(a) contains no express time limit for serving the pertinent interrogatory or request to admit, the rule should not be read as permitting a defendant to indefinitely extend the time for seeking removal by simply delaying serving the appropriate interrogatory or request. See

McCoy, 226 F. Supp. 2d at 941-42; Campbell v. Bayou Steel Corp., ___ F. Supp. 2d ___, 2004 WL 1125901 *5 (N.D. Ill. May 20, 2004). Here, Signature was aware no later than late fall 2003 that there was complete diversity of citizenship and that Sims had not been served and therefore did not prevent removal. Signature was also well aware that the allegations supported an amount in controversy that was likely, if not definitely, in excess of $75,000. Also, as of December 11, 2003, the state court entered an order permitting the commencement of discovery. Nevertheless, Signature waited almost eight more months before serving its request to admit regarding the amount in controversy. Even if it should be considered that Signature first filed interrogatories that had questions about damages, Signature had plaintiff's response to interrogatories for five months before it served the request to admit. As previously discussed, it was unnecessary to have Sims dismissed before Signature could remove the case, but it is also noted that Sims was dismissed for two months before Signature served the request to admit. Since Signature acted in a dilatory manner in serving the request to admit, it may not rely on Local Rule 81.2 as extending the date it first ascertained that the amount in controversy was satisfied. Instead, the allegations of the first amended complaint and plaintiff's answers to interrogatories were a more than sufficient basis for ascertaining that the amount in controversy

controversy exceeded $75,000. Defendant had those papers well more than 30 days before it filed its notice of removal. Therefore, the removal was untimely and plaintiff's motion for remand will be granted.

Plaintiff requests its costs of removal. Since Signature was dilatory in removing this case and since no substantive litigation activity occurred in federal court, plaintiff is awarded all his reasonable costs and attorney fees related to the removal and remand. See 28 U.S.C. § 1447(c). If the parties cannot agree as to an appropriate amount, plaintiff must timely move for costs and attorney fees in accordance with Local Rule. See N.D. Ill. Loc. R. 54.3.

IT IS THEREFORE ORDERED that plaintiff's motion for remand [4-1] is granted. The Clerk of the Court is directed to remand this case to the Circuit Court of Cook County, Illinois, Law Division Plaintiff is awarded his costs and reasonable attorney fees related to the removal and remand of this case.

ENTER:

/s/ William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: NOVEMBER 15, 2004